UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

ISAIAH FISHER,

    Petitioner,

V.

GREGORY KIZZIAH, Warden,

    Respondent.

Civil Action No. 7: 16-203-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Inmate Isaiah Fisher has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] and has paid the filing fee [R. 5]. The Court conducts an initial review of Fisher's petition. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons set forth below, the Court must deny relief.

In 2008, a federal jury in South Bend, Indiana found Fisher guilty of armed bank robbery in violation of 18 U.S.C. § 2113(a), (d), and he was sentenced to 104 months imprisonment to be followed by three years of supervised release. *United States v. Fisher*, No. 3: 07-CR-46-RLM-CAN-1 (N.D. Ind. 2007).

Fisher completed his prison term, but while on supervised release committed another armed bank robbery in 2015. Fisher agreed to plead guilty to a single count of violating Section 2113(a) in exchange for the dismissal of other charges. As part of that agreement, Fisher expressly waived his right to challenge any aspect of either his conviction or his sentence, including "the manner in which my conviction or my sentence was determined or imposed," whether by way of direct appeal or in any post-conviction proceeding, including but not limited to 28 U.S.C. § 2255. Because Fisher had previously committed at least two violent felonies, he was sentenced under the career

offender provisions of the Sentencing Guidelines to 188 months imprisonment. *United States v. Fisher*, No. 3: 15-CR-39-RLM-CAN-1 (N.D. Ind. 2015).

In 2016, Fisher filed a motion under Section 2255 seeking relief from his sentence pursuant to *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015). However, the trial court summarily denied that motion in July 2016 based upon the collateral attack waiver; because *Johnson* was decided before Fisher pled guilty; and because Fisher's prior offenses for burglary and armed robbery were valid predicate offenses under U.S.S.G. § 4B1.2(a)(1), (2) as an enumerated offense and under the "use of force" prong, respectively. The Seventh Circuit denied Fisher a certificate of appealability.

Two months later, Fisher filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court. In it, he reasserts his claim under *Johnson* that his prior state conviction for burglary did not qualify as a valid predicate offense. [R. 1 at 2-3] He also asserts that his 2007 armed robbery conviction did not constitute a violent felony in light of *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016). In a subsequent "supplement" to his petition, Fisher abandoned his *Johnson* claim. [R. 11][1]

Fisher's petition must be denied for several reasons, but the Court limits its discussion to the two most obvious and clear grounds. First, Fisher is barred from collaterally attacking his conviction or sentence pursuant to the waiver provision found in his plea agreement. In that agreement, Fisher expressly and unequivocally waived his right to either appeal his conviction or sentence or to collaterally attack either of them in any post-conviction proceeding. Such waivers

---

[1] Fisher refers to this as his *Beckles* claim, but the underlying issue is essentially the same. In any event, two months after Fisher abandoned the claim, the Supreme Court in *Beckles v. United States*, __ U.S. __, 137 S. Ct. 886 (2016) held that the Sentencing Guidelines are not subject to a due process vagueness challenge, rendering them immune from the very type of *Johnson* claim Fisher attempted to assert against his Guidelines sentence here.

are enforceable in habeas proceedings under § 2241, and preclude the assertion of the very arguments Fisher pursues here. *Solis-Caceres v. Sepanek*, No. 13-21-HRW, 2013 WL 4017119, at *3 (E.D. Ky. Aug. 6, 2013) (collecting cases); *Muse v. Daniels*, 2016 WL 1163836, at *1 (7th Cir. Feb. 24, 2016) (holding that a collateral attack waiver "would apply equally in a proceeding under § 2241, had not § 2255(e) taken precedence, for § 2241 is a form of collateral attack."); *Muller v. Sauers*, 523 F. App'x 110, 112 (3d Cir. 2013) ("Muller's plea agreement included a waiver of collateral-attack rights 'in any post-conviction proceeding, including-but not limited to- any proceeding under 28 U.S.C. § 2255.' Therefore, his plea agreement forecloses relief pursuant to § 2241 …"); *Johnson v. Warden*, 551 F. App'x 489, 491 (11th Cir. 2013); *Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001); *United States v. Chavez-Salais*, 337 F.3d 1170, 1172 (10th Cir. 2003) ("The conventional understanding of 'collateral attack' comprises challenges brought under, for example, 28 U.S.C. § 2241, 28 U.S.C. § 2254, 28 U.S.C. § 2255, as well as writs of coram nobis.")

Second, Fisher may not use a Section 2241 petition to assert *Mathis* as a ground to challenge the enhancement of his sentence. A Section 2241 petition may only be used as a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). A federal prisoner who instead wishes to challenge the legality of his conviction or sentence must use a motion under Section 2255. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between permissible uses for a § 2255 motion and a § 2241 petition). The prisoner may not resort to Section 2241 to seek relief even when Section 2255 is not presently "available" to him, whether because he filed a timely motion and was denied relief; he did not file a timely § 2255 motion; or he filed

an untimely motion. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002). In other words, prisoners cannot use a habeas petition under § 2241 as yet another "bite at the apple." *Hernandez v. Lamanna*, 16 F. App'x 317, 360 (6th Cir. 2001).

The decidedly narrow scope of relief under Section 2241 applies with particular force to challenges not to convictions, but to the sentence imposed. *Peterman*, 249 F.3d at 462; *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does not apply to sentencing claims."). In *Hill v. Masters*, 836 F. 3d 591 (6th Cir. 2016), the Sixth Circuit articulated a very narrow exception to this general rule, permitting a challenge to a sentence to be asserted in a Section 2241 petition, but only where (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his federal sentence no longer qualified as a valid predicate offense. *Hill*, 836 F. 3d at 599-600. Fisher's claim fails to satisfy the threshold requirement of *Hill* because he was sentenced in 2015, a decade after *Booker* rendered the Sentencing Guidelines advisory rather than mandatory. Fisher's claim therefore falls outside the decidedly narrow exception set forth in *Hill*, and his sentencing claim therefore does not fall within the narrow scope of Section 2255(e)'s savings clause. *Peterman*, 249 F.3d at462. His petition must therefore be denied.

Accordingly, **IT IS ORDERED** that:

1. Fisher's motion to expedite [R. 17] is **GRANTED**.

2. Fisher's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

Dated July 17, 2017.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY